## WILSON et al. *v.* LAMBETH et al.

In an action on a bill of exchange payable "in current city notes," which plaintiffs aver were, at maturity of the bill, and still are, at *par* and equivalent to specie, where no proof is offered on either side as to their value at maturity or at the time of the trial, judgment must be rendered for the amount payable according to the tenor of the bill, though the notes were below *par* at the maturity of the bill, but at *par* at the time of the trial. It was incumbent on defendants, and not on plaintiffs, to prove the value of the notes at the maturity of the bill, and at the time of the trial.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge,* J. In this case there was a judgment below, "that the plaintiffs recover from the defendants, *in solido*, the sum of $1,800, with legal interest thereon from 21st April, 1842, until paid, and costs." The reasons assigned by the judge for this opinion are as follows : "The plaintiffs claim the sum of $1,800 from the defendants, *in solido*, under a bill of exchange, payable on the 18th December, 1841, which was accepted to be paid 'in current city notes,' which the petition avers were, at the time of maturity, and are now, at *par*, and equivalent to specie. Defendants pleaded a general denial, but no proof was offered on either side of the state of the currency, either at maturity or at present; but defendants contend that it was the duty of plaintiffs to have offered proof of both, and that they would then be entitled to judgment for the depreciated value at maturity, payable in the currency of the present day. Under the pleadings, it was incumbent on the defendants to have offered proof, to bring the facts, on which they rely, to the notice of the court. They form their ground of defence ; without them there is no case, but that of an ordinary suit on a bill of exchange, before the court. The plaintiffs were not bound to offer this proof, although alleged in their petition, if they had made out their case without. It is certainly known to the court personally that, about the time of maturity, the currency of the banks of this city was depreciated; but if it could judicially take notice of this fact, it cannot and does not, either personally or individually, know what was the rate of depreciation, or in what paper the defendants chose to pay (for one of the cases had gone so far as to decide that the choice lay with the debtor,)—Orleans or Atchafalaya, for all were, in the sense in which the term is used, 'current.' They only differed from the others in passing at a greater discount. The defendants, in this state of things, with commendable prudence, made a conditional acceptance. Had they paid, or tendered, at maturity, their obligations would have been discharged. They broke the condition, and I am of opinion are bound now to pay according to the tenor of their bill. There is, therefore, judgment for plaintiffs against defendants, *in solido*, &c." The defendants appealed.

*T. R. Wolfe,* for the plaintiffs. *Pitts* and *Wm. M. Randolph,* for the appellants. The judgment of the court (*King,* J. absent,) was pronounced by

SLIDELL, J. For the reasons given by the district judge, the judgment of the court below is affirmed, with costs.